IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEAIRE BOWMAN<br>878 COITSVILLE-HUBBARD ROAD<br>YOUNGSTOWN, OH 44505 | )<br>)<br>) | CASE NO. _____ |
| Plaintiff | )<br>) | |
| -vs- | )<br>) | |
| Ptl. GREGORY C. JONES<br>Individually and in his official capacity<br>15005 LAWNDALE AVENUE<br>CLEVELAND, OH 44128 | )<br>)<br>)<br>) | JUDGE _____ |
| -and- | )<br>)<br>)<br>) | **COMPLAINT**<br><br>**(JURY DEMAND ENDORSED HEREON)** |
| Ptl. WILLIAM TELL (Badge 2323)<br>Individually and in his official capacity<br>CITY OF CLEVELAND<br>TRAFFIC ENFORCEMENT<br>1300 ONTARIO STREET<br>CLEVELAND, OH 44113 | )<br>)<br>)<br>)<br>)<br>)<br>) | |

|  |  |
|---|---|
| -and- | ) |
|  | ) |
| CITY OF CLEVELAND | ) |
| 601 LAKESIDE AVENUE | ) |
| CLEVELAND, OH  44114 | ) |
|  | ) |
| -and- | ) |
|  | ) |
| JOHN DOES 1-5 | ) |
| (Names and addresses unknown and | ) |
| undiscoverable at this time | ) |
|  | ) |
| Defendants | ) |

## INTRODUCTION

1. This case is brought to address violations and injuries stemming from the misconduct of various police officers and other officials in connection with the unlawful seizure and shooting of Plaintiff De'Aire Bowman.  Plaintiff was the victim of mistaken identity, was unlawfully seized, and thereafter became the victim of excessive force and unlawful seizure by being shot in the neck.  As a consequence of the Defendants' misdeeds, Mr. Bowman suffered severe and permanent physical injuries, as well as emotional injuries, and other economic and non-economic losses.

## PARTIES AND JURISDICTION

2. Plaintiff De'Aire Bowman is a citizen of the United States and resides in Youngstown, Ohio.

3. Defendant Gregory C. Jones was at all times relevant herein employed as a police officer for the City of Cleveland Police Department.  He was acting under color of state law.  He is being sued in his individual as well as his official capacity.

4. Defendant Ptl. William Tell (badge 2323) was at all times relevant herein employed as a police officer for the City of Cleveland Police Deparment. Defendant Tell was acting under color of state law. Defendant Tell is being sued in his individual as well as his official capacity.

5. Defendant City of Cleveland is a municipal corporation duly organized and operating under the laws of the state of Ohio.

6. John Does 1-5 ("Does") are those individuals and entities who, at all relevant times, worked for the City of Cleveland and other law enforcement and/or government officials whom took part in Mr. Bowman's unlawful arrest, detention, incarceration and detention. These individuals had a duty to protect Mr. Bowman and to intervene when it became apparent that Mr. Bowman's rights were being violated. Some of these individuals are also policy makers or were deliberately indifferent to an obvious need for corrective action.

7. This action is brought pursuant to claims arising under the laws of the State of Ohio, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution. This action is also brought pursuant to 28 U.S.C. §§ 1983, 1985 and 1988 as it is also an action for compensatory damages, punitive damages, and attorney fees.

## FACTS

8. On or about July 20, 2011, Plaintiff De'Aire Bowman was seated in the passenger seat of a flat-bed tow truck operated by North East Towing. The tow truck was refueling at a Shell gas station at or near the intersection of East 93rd and Kinsman Rd.

9. A motorcycle was strapped down to the bed of the flat-bed tow truck. Earlier that day, the driver of the tow truck, Mr. Antonio Martin, along with Plaintiff, retrieved the motorcycle from the City of Cleveland's impound lot. All of the proper paperwork was provided so as to lawfully release the motorcycle at issue.

10. The day before, on July 19, 2011, Cleveland Police Officer Tell observed a motorcycle hit an automobile. The driver of the motorcycle ran off and was not apprehended. The hit-skip suspect was identified as Mr. Shawn Foster based on the fact that Mr. Foster dropped his Ohio Driver's License at the scene of the accident.

11. Officer Tell was aware that the motorcycle involved with the hit-skip was taken to the City's impound lot. Officer Tell was also aware that proper paperwork was required in order to obtain a vehicle from the City's impound lot.

12. On or about July 20, 2011, Officer Tell was also at or near the Shell gas station at E. 93rd and Kinsman Rd. He believed that the motorcycle on the back of the North East Towing tow truck was the same motorcycle that was involved in the hit-skip from the day before.

13. Rather than confer with the City's impound lot to determine whether the motorcycle had been lawfully retrieved, Officer Tell called for backup. He believed that one of the men in the tow truck to be Mr. Shawn Foster.

14. Cleveland Police Officer Gregory C. Jones was one of the Cleveland Police to arrive on scene. None of the officers on scene, including Officer Jones, made any attempt to ascertain Mr. Bowman's identity. No Cleveland Police Officer asked to speak with the driver of the tow truck, Mr. Martin. The Officers did not ask to see the

paperwork which would have demonstrated that Mr. Martin and Mr. Bowman were lawfully in possession of the motorcycle.

15. Rather than take any steps to determine if Mr. Bowman was hit-skip suspect Mr. Foster, they surrounded the truck and drew their service revolvers.

16. During the Use of Deadly Force Investigation, Officers Tell and Bowman swore that they drew their service weapons on the hit-skip suspect because he (Mr. Shawn Foster) had "many" warrants. In reality, Mr. Foster had no outstanding warrants.

17. After the Officers drew their service weapons and pointed them at Mr. Bowman, Mr. Bowman attempted to run away.

18. Mr. Bowman was not armed and did not pose a threat of violence to the Officers or the public.

19. Rather, Mr. Bowman was seized by Officers Tell and Jones, and was shot in the neck by Officer Jones.

20. Mr. Bowman immediately fell to the ground and sustained life-threatening injury.

21. As a result of being shot in the neck, Mr. Bowman sustained serious and permanent injury, as well as economic and non-economic damages.

22. In an effort to cover up their misdeeds, and so as to further criminalize Mr. Bowman, they had Mr. Bowman charged with resisting arrest and obstructing official business. Officer Jones, cleared of any criminal wrongdoing, was ordered to undergo additional firearm training.

**FIRST CAUSE OF ACTION**
**Excessive Force**

23. Paragraphs 1 through 22 are incorporated by reference herein as if fully rewritten.

24. The actions of named individual Defendants constitute an unjustifiable and excessive use of force without legal justification. Their actions were deliberately indifferent, reckless, wanton and shocking to the conscience, all of which deprived Plaintiff Bowman of his civil rights, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and through 42 U.S. C. §1983.

25. The actions of the Defendants were committed maliciously and/or in an unreasonable, wanton and/or reckless manner.

26. Defendants' actions were performed under color of law and deprived Mr. Bowman of federally protected rights, in violation of 42 U.S.C. § 1983.

27. As a direct and proximate result of the wrongful conduct of Defendants, Plaintiff Bowman suffered serious and permanent physical injuries and extreme emotional distress.

**SECOND CAUSE OF ACTION**
**Excessive Force – Substantive Due Process**

28. Paragraphs 1 though 27 are incorporated by reference herein as if fully rewritten.

29. The acts and omissions of Defendants Tell and Jones constitute excessive force under the Fourteenth Amendment. Defendants intentionally denied Mr. Bowman of his Fourteenth Amendment rights.

6

30. As a direct and proximate result of the Defendants' intentional denial of Mr. Bowman's Fourteenth Amendment rights, he sustained serious and permanent physical injuries, emotional distress, and other economic and non-economic damages.

### THIRD CAUSE OF ACTION
### Negligence

31. Paragraphs 1 though 30 are incorporated by reference herein as if fully rewritten.

32. The Defendants Tell and Jones acted in a negligent manner such that Mr. Bowman sustained injury, damages and economic and non-economic losses. Their conduct is not subject to the defense of immunity, set forth in Ohio Revised Code §2744.01 *et seq.,* based on the fact that they acted in a willful, wanton, and reckless manner.

### FOURTH CAUSE OF ACTION
### *Monell* Liability

33. Paragraphs 1 though 32 are incorporated by reference herein as if fully rewritten.

34. The City of Cleveland failed to adequately discipline, train, supervise, or otherwise correct the pattern of unconstitutional conduct engaged in by Defendant Officers Tell and Jones. The City of Cleveland Police Department has a pattern and practice of engaging in excessive force. The City of Cleveland Police Department also has a pattern and practice of failing to adequately investigate uses of deadly and non-lethal force. To the degree the City of Cleveland Police Department internally investigates the use of deadly and non-lethal force, their findings in favor of the police are overwhelming and almost statistically impossible. In this matter, the justification for drawing a weapon on Mr. Bowman was that there were many warrants on Mr. Foster.

There were not. This justification, suspect even if true, was not fully investigated. This sole example is representative of a larger informal policy, pattern and practice of the Cleveland Police Department condoning, expressly or implicitly, the excessive use of force by its Officers.

35. The City of Cleveland Police Department also fails to adequately discipline or take corrective action against its Officers. Here, Officer Jones should not have had his finger on the trigger under these circumstances. His misdeed lead to a serious shooting which could have been avoided. Rather than be subject to discipline, Officer Jones was merely ordered to undergo one firearm class on gun safety. This sole example is representative of a larger informal policy, pattern and practice of the Cleveland Police Department condoning, expressly or implicitly, the excessive use of force by its Officers. As a direct and proximate result of the City's failures, Mr. Bowman's rights were violated and he sustained injuries and damages

**FIFTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**

36. Paragraphs 1 though 35 are incorporated by reference herein as if fully rewritten.

37. Through their unreasonable and unlawful conduct, the Defendants either intended to cause Mr. Bowman emotional distress or knew or should have known that their actions or inactions would result in serious emotional distress. Further, their actions toward Mr. Bowman were so extreme and outrageous as to go beyond all possible bounds of decency and were intolerable.

38. The Defendants' actions have directly and proximately caused Mr. Bowman psychic injury from which he suffers and will continue to suffer into the future.

## DAMAGES

39. Paragraphs 1 though 38 are incorporated by reference herein as if fully rewritten.

40. As a direct and proximate result of the Defendants' conduct, Plaintiff Mr. Bowman has suffered and continues to suffer substantial physical pain, loss of ability to perform daily functions, mental anguish and emotional distress, as well as injury to reputation and humiliation, some or all of which may be permanent.

41. As a direct and proximate result of the Defendants' conduct, Plaintiff Mr. Bowman has incurred substantial costs and expenses, including but not limited to, legal fees.

42. Mr. Bowman's physical, mental, and emotional injuries are serious, and are of such a nature that no reasonable person could be expected to endure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against the Defendants, jointly and severally, for:

(A) Compensatory and consequential damages for all the injuries identified in the amount in excess of one hundred thousand dollars ($100,000.00);

(B) Punitive damages in an amount to be determined at trial for the willful and malicious conduct of Defendants Jones and Tell;

(C) Attorneys' fees and the costs of this action and other costs that may be associated with this action; and

(D) Any and all other relief that this Court deems equitable, necessary, and just.

/s/ *Paul J. Cristallo*
PAUL J. CRISTALLO  (0061820)
CRISTALLO LAW OFFICE
55 Public Square
Suite 1055
Cleveland, OH 44113
Telephone: (216) 456-0925
Facsimile: (216) 621-0427
E-Mail: cristallolaw@gmail.com

COUNSEL FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

PAUL J. CRISTALLO
Attorney for Plaintiff