UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DEAIRE BOWMAN,** | ) | CASE NO. 1:13CV1367 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **GREGORY C. JONES, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #10) of Defendant, City of Cleveland, to Dismiss. For the following reasons, the Motion is granted in part and denied in part.

**I. FACTUAL BACKGROUND**

On June 20, 2013, Plaintiff, Deaire Bowman, filed his Complaint against Patrol Officers, William Tell and Gregory C. Jones, and the City of Cleveland, alleging five causes of action: Excessive Force (Count 1); Substantive Due Process Violation (Count 2); Negligence (Count 3); *Monell* Liability (Count 4); and Intentional Infliction of Emotional Distress (Count 5).

On July 20, 2011, Plaintiff was a passenger in a flat-bed tow truck , which was refueling at a Shell gas station at the intersection of East 93rd and Kinsman Road.  Earlier in the day, Plaintiff and the tow truck driver, Antonio Martin, retrieved a motorcycle from the City of Cleveland impound lot and strapped it to the bed of the truck.

On the previous day, July 19, 2011, Defendant Police Officer William Tell ("Tell") observed a motorcycle hit an automobile.  The motorcycle operator ran off; but was identified as Shawn Foster, because he allegedly dropped his Ohio Driver's License at the scene.

On July 20, 2011, Tell was also at the gas station at East 93rd and Kinsman Road.  When he observed the motorcycle on the tow truck, he believed it to be the same one that was involved in the hit-skip incident the day before.  Tell called for back-up, acting on the belief that Shawn Foster had outstanding warrants.  When the other officers arrived, including Defendant Gregory C. Jones ("Jones"), they surrounded the truck and drew their service revolvers.

Plaintiff attempted to run away.  He was unarmed and posed no threat of violence.  Allegedly, Plaintiff was seized and shot in the neck by Jones, sustaining serious and permanent injury.  Jones was ultimately cleared of criminal wrongdoing, but was ordered to complete additional firearm training.

In the Fourth Cause of Action, Plaintiff's Complaint alleges:

> 34.  The City of Cleveland failed to adequately discipline, train, supervise, or otherwise correct the pattern of unconstitutional conduct engaged in by Defendant Officers Tell and Jones. The City of Cleveland Police Department has a pattern and practice of engaging in excessive force. The City of Cleveland Police Department also has a pattern and practice of failing to adequately investigate uses of deadly and non-lethal force.  To the degree the City of Cleveland Police Department internally investigates the use of deadly and non-lethal force, their findings in favor of the police are overwhelming and

almost statistically impossible. In this matter, the justification for drawing a weapon on Mr. Bowman was that there were many warrants on Mr. Foster. There were not. This justification, suspect even if true, was not fully investigated. This sole example is representative of a larger informal policy, pattern and practice of the Cleveland Police Department condoning, expressly or implicitly, the excessive use of force by its Officers.

35. The City of Cleveland Police Department also fails to adequately discipline or take corrective action against its Officers. ... Rather than be subject to discipline, Officer Jones was merely ordered to undergo one firearm class on gun safety. This sole example is representative of a larger informal policy, pattern and practice of the Cleveland Police Department condoning, expressly or implicitly, the excessive use of force by its Officers.

The Fifth Cause of Action alleges:

Through their unreasonable and unlawful conduct, the Defendants either intended to cause Mr. Bowman emotional distress or knew or should have known that their actions or inactions would result in serious emotional distress. Further, their actions toward Mr. Bowman were so extreme and outrageous as to go beyond all possible bounds of decency and were intolerable.

Defendant, City of Cleveland, moves to dismiss Counts 4 and 5 of Plaintiff's Complaint, pursuant to Fed.R.Civ.P. 12(b)(6), contending that the Complaint offers only general, conclusory allegations that fail to demonstrate a plausible right of recovery on all claims asserted against the City. In his Brief in Opposition (ECF DKT #14), Plaintiff concedes the City's Motion to Dismiss Count 5: Intentional Infliction of Emotional Distress.

## II. LAW AND ANALYSIS

**Standard of Review**

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short

> and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## 42 U.S.C. § 1983 claim against the City

In his Complaint, Plaintiff alleges that the City lacks proper and/or adequate training practices, policies, procedures, and customs regarding the use of force by police officers.

Plaintiff further alleges that the City has a pattern and practice of inadequately supervising its officers, and inadequately investigating their use of deadly and non-lethal force.  The "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  *City of Canton v. Harris*, 489 U.S. 378, 388 (1989).  Following *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the Sixth Circuit has recognized that a plaintiff may look to several scenarios to establish a municipality's illegal policy or custom: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.  *Lausin v. Bishko*, 727 F.Supp.2d 610, 629 (N.D.Ohio 2010) (citing *Thomas v. Chattanooga*, 398 F.3d 426, 429 (6th Cir.2005)).

In the instant matter, the Court makes no determination as to the ultimate success of Plaintiff's municipal failure to train, supervise and/or investigate claims.  A complaint "may proceed even if it strikes a savvy judge . . . that a recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556.  Yet, in view of the recognized avenues by which Plaintiff may provide evidence demonstrating municipal liability, the Court believes that his *Monell* cause of action is plausible, and survives dismissal at this time.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #10) of Defendant, City of Cleveland, to Dismiss is granted in part as to Count 5: Intentional Infliction of Emotional Distress, and denied in part as to Count 4: *Monell* Liability.

**IT IS SO ORDERED.**

**s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: November 25, 2013**